UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD R. HUNTLEY, JR.,
66035,

    Petitioner,                                           Civil Action No. 18-CV-12643

vs.                                                        HON. BERNARD A. FRIEDMAN

STATE OF MICHIGAN,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITIONER'S ACTION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

This matter is presently before the Court on the Court's own review of the "Notice of Interlocutory Appeal" [docket entry 1] filed by petitioner, who is a pre-trial detainee held at Genesee County Jail in Flint, Michigan.

Petitioner claims that he has been incarcerated since June 26, 2015 on a "[f]leeing [and] [e]luding" charge and that since then, the prosecutor has brought four other cases against him for non-violent offenses. Petitioner states that he has been in jail for thirty-nine months awaiting trial and alleges deprivation of due process, misconduct, abuse, prejudice, and bias by the prosecutor. He claims that the prosecutor's alleged actions, which include trying to stall future court proceedings and postponing court hearings, have caused him "undue anxiety and concern." In addition, petitioner alleges that prosecutor Karen Handson has been violating the constitutional rights of "everybody" in the court system. Petitioner seeks to have all charges against him dismissed with prejudice on the grounds that his constitutional rights have been violated.

Under Fed. R. Civ. P. 12(h)(3), the Court is required to dismiss any action over which it lacks subject matter jurisdiction. As an initial matter, it appears that petitioner may have intended to file this document with the Michigan Court of Appeals, given that the caption at the top of the first and third page of petitioner's handwritten filing says "State of Michigan Court of Appeal[]s."

Moreover, petitioner seeks to have all of the charges against him dismissed with prejudice; however, the Court cannot intervene in his ongoing prosecution at the state level. This is because "[i]n *Younger*, the Supreme Court held that absent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Younger v. Harris*, 401 U.S. 37, 53-54 (1971)).

Even construing petitioner's request for dismissal with prejudice as a habeas petition, the Court still cannot intervene because petitioner has not exhausted his remedies in state court. The Supreme Court has held that except in unusual circumstances, "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." *Rose v. Lundy*, 455 U.S. 509, 515 (1982) (internal citation omitted); *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) (instructing that "although s[ection] 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner"). "This argument is especially forceful in a situation involving a speedy trial claim, because the drastic nature of the relief usually granted[,]

dismissal of the case, *Strunk v. United States*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973)[,] could not be more disruptive of pending state actions." *Atkins*, 644 F.2d at 546. As a result, petitioner is a few steps removed from where he needs to be in order to seek habeas relief from this Court.

Before petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court denies petitioner a certificate of appealability under 28 U.S.C. § 2253(c)(2) because reasonable jurists would not debate the Court's assessment of petitioner's claim nor conclude that the issues deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, should petitioner decide to appeal this decision, the Court denies him leave to proceed in forma pauperis on appeal because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

For these reasons,

IT IS ORDERED that petitioner's action is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that permission to appeal in forma pauperis is denied.

                    s/Bernard A. Friedman
Dated: September 6, 2018      BERNARD A. FRIEDMAN
Detroit, Michigan           SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 6, 2018.

                                                s/Johnetta M. Curry-Williams
                                                Case Manager